Gabriela HARMON, Plaintiff—Appellant,

v.

HOME DEPOT USA INC, Defendant—Appellee.

No. 03–35860.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 18, 2005.

Decided May 13, 2005.

Michael C. Subit, Esq., Frank Freed Subit & Thomas LLP, Seattle, WA, for Plaintiff–Appellant.

D. Michael Reilly, Esq., Lane Powell Spears Lubersky L.L.P., Seattle, WA, for Defendant–Appellee.

Before: B. FLETCHER and GOULD, Circuit Judges, and KING,* Senior Judge.

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

## MEMORANDUM **

Gabriela Harmon, the plaintiff and appellant, alleges she suffered sexual harassment while employed at Home Depot, the defendant and appellee. Harmon sued Home Depot claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Washington Law Against Discrimination, Rev. Wash.Code § 49.60. The district court granted summary judgment to Home Depot. Harmon petitions for review of the district court's summary judgment order that dismissed her claims.

Harmon sued Home Depot for failing to prevent the alleged harassment and for failing to respond adequately to her complaints of harassment. The district court found Home Depot was entitled, as a matter of law, to assert the *Ellerth/Faragher* defense barring liability for sexual harassment. *See Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). The district court found that Harmon failed to plead factual allegations to defeat the *Ellerth/Faragher* defense. In accord with the district court's conclusion, we find that Home Depot fulfilled its obligations to prevent and correct the behavior Harmon complained of and we find that Harmon did not take advantage of the corrective opportunities provided by Home Depot. Because of the absence of any material factual dispute on these matters, we affirm the district court's summary judgment order.

This court has jurisdiction to review the district court's grant of summary judgment pursuant to 28 U.S.C. § 1291.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Grants of summary judgment are reviewed de novo. *See Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001). In reviewing summary judgment we evaluate the facts in the light most favorable to the nonmoving party. *United States v. Snoring Relief Labs, Inc.*, 210 F.3d 1081, 1084 (9th Cir.2000). The reviewing court must determine whether any genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir.2002).

Employers are vicariously liable for harassment by supervisors and liable for harassment by co-workers under a negligence standard. *Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir.2001). The Ninth Circuit has not addressed the definition of a supervisor for the purpose of when an employer may be held vicariously liable for an employee's harassment of another employee. Nevertheless, because we affirm on the ground that Home Depot is entitled to the *Ellerth/Faragher* defense even under a vicarious liability theory, we need not address whether the accused harassers were actually Harmon's supervisors or her co-workers. For the purposes of this summary judgment decision we assume the harassers were Harmon's supervisors.

■ To establish the *Ellerth/Faragher* defense an employer must prove by a preponderance of evidence: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524 U.S. at 765, 118 S.Ct. 2257; *Faragher*, 524 U.S. at 807, 118 S.Ct. 2275. The *Ellerth/Faragher* defense only applies when

an employee has not suffered an adverse employment action, unless the employer can show the negative employment action was unrelated to the harassment or complaint. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 959 (9th Cir.2004). Harmon argues she suffered retaliation, an adverse employment action, after she complained of harassment. Harmon says her co-workers were quiet around her, made jokes about sexual harassment, and she felt ostracized by them after she made her complaint. Ostracism, however, is not an adverse employment action. *Manatt v. Bank of America*, 339 F.3d 792, 803 (9th Cir.2003). After filing her complaint, Harmon received a very positive job evaluation with the innocuous suggestion that she open up communication between herself and her co-workers. She received "solid performance" ratings and affirmative comments in all areas evaluated. Overall the evaluation was very good and it does not suggest any retaliation for Harmon's complaint. We conclude that the record does not support Harmon's claim that she suffered retaliation. Home Depot is, thus, entitled to argue that it acted reasonably to prevent and correct the harassing behavior and to argue Harmon did not take advantage of preventative and corrective opportunities.

■ In an effort to prevent sexual harassment Home Depot had a written sexual harassment policy. The policy had several means for reporting harassment including a toll-free number employees could call anonymously. Employees were trained on the policy when they started work. Employees signed a form stating they were trained and understood Home Depot's non-harassment policy. Home Depot's detailed policy and thorough implementation fulfills Home Depot's responsibility to exercise reasonable care in preventing harassment. *See Nichols v.*

*Azteca Restaurant Enters., Inc.,* 256 F.3d 864, 877 (9th Cir.2001).

To satisfy the first prong of the *Ellerth/Faragher* defense Home Depot must also show it acted with reasonable care to correct the complained of behavior. While Home Depot did not respond immediately to Harmon's initial complaints, soon thereafter Home Depot hired a permanent manager for the night shift and Harmon's concerns were swiftly addressed. Home Depot retrained its night shift employees on its sexual harassment policy and talked to the offending employees individually. After the retraining the harassing behavior ended. The night shift supervisor and assistant store manager followed-up with Harmon and she said everything was "okay." A month later Harmon filed another complaint with the human resources department. A human resources manager initiated an investigation but Harmon quit before talking to the manager. Home Depot acted responsibly in responding to Harmon's complaint and worked to alleviate the problems she was having at work.

Harmon properly utilized Home Depot's complaint procedure but she did not take advantage of the corrective opportunities provided by Home Depot. When Harmon quit, Home Depot was investigating her complaint and working to transfer her, as she requested, to another store. Harmon did not allow Home Depot a reasonable opportunity to address her complaint.

Home Depot acted with reasonable care to prevent and correct the alleged harassing behavior but Harmon did not take advantage of the corrective opportunities Home Depot provided. Home Depot is not liable for the alleged sexual harassment by its employees in this case. The judgment of the district court is AFFIRMED.